INTERNATIONAL STANDARD ELECTRIC· CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 108866, 109614.   Promulgated May 25, 1943.

*Allin H. Pierce, Esq.*, and *Will R. Gregg, Esq.*, for the petitioner. *Walt Mandry, Esq.*, for the respondent.

OPINION.

STERNHAGEN, *Judge:* 1. The petitioner is a domestic corporation which in 1937 and 1938 had income from numerous foreign countries. By section 131 of the Revenue Acts of 1936 and 1938, it was entitled to credit for the income taxes paid or accrued to such foreign countries, but such credit was, by subsection (b), limited to a proportionate amount of such foreign income tax. The amount of the credit was expressly fixed as in the same ratio to the taxpayer's total United States tax as the ratio of the taxpayer's foreign net income to its entire net income from all sources. The statutory factors of the given ratio are both stated as *net* income. The taxpayer proposes that the term net income be read with a different meaning in respect of ordinary, general, or operating income from the meaning in respect of income upon which the tax of the foreign country is collected by a withholding method—such income as dividends, interest, royalties, and profits from sales, which, for want of a better term, we shall call "withholding-tax income." This is said to be based upon a necessary distinction between the operating income of foreign branches of a domestic corporation and the "withholding-tax income" of a domestic corporation in order to avoid double taxation, which it is said would result and be contrary to the purpose of section 131. Cf. *Burroughs Adding Machine Co.* v. *Terwilliger*, 135 Fed. (2d) 608.

With the wisdom or desirability of such a proposal we have no concern, for that is a legislative problem and it is not the business of this Court to effectuate such a proposal unless it can be found to be within the fair and reasonable intendment of the statute in the terms

in which it was enacted. The petitioner argues that no amount, actual or ratable, of its expenses or other deductions (which serve to reduce its entire gross income to become its entire net income, the large factor of its ratio) should be applied against its foreign "withholding-tax income," because the foreign taxes withheld at the source take no account of expenses or other deductions. It is argued that it would be artificial to reduce income by a part of general expenses since the "withholding-tax income" is derived without service or expense by petitioner. We can not regard this as an established fact, even though the petitioner's only witness so testified. At most, the proposition is a matter of opinion, which the Court is not bound to adopt; and we should hesitate to say that a domestic corporation receiving income of various kinds from numerous foreign countries is wholly free from expense, say for rent, accounting, clerical, housekeeping, or otherwise, because the income comes to it after the foreign tax has been withheld.

But irrespective of the soundness of the proposition, there is no room for it in the statute. The ratio is that of foreign net income to entire net income. Both factors are stated in the same all-embracing term, as mathematically they would be in order that the ratio be of like quantities in the same class. The net income from all sources, domestic and foreign, takes account of all deductions, and the net income from foreign sources, for purpose of the ratio, is likewise the remainder after deductions. Section 119, imported by section 131 (e), provides that the unidentifiable amount of deductions applicable to foreign income is a ratable part of all unidentifiable deductions. This is a comparatively simple method of disposing of what might in many instances be an extremely difficult problem of accounting with precision for the deductions applicable to a given part of a taxpayer's income. Indeed, the present taxpayer aptly illustrates the wisdom of avoiding any attempt to assign such deductions by other than a mathematical method. We hold that the Commissioner was correct in rejecting the theory that the foreign income factor of the ratio, even though it be "withholding-tax income," may not be reduced by deductions.

The petitioner argues that if it be held that any of its expenses are allocable to its foreign income, still no part may be allocated to its "withholding-tax income," particularly its dividends from foreign corporations. This is upon the proposition that such income is received without expense. What has already been said indicates that this contention can not be accepted. The statutory method of measuring the unallocable deductions by prorating them must be regarded as the intendment of the legislation with regard to all kinds of income, and there is no room for an exception in respect of dividends or other "withholding-tax income," as to which the method of collection of the tax is peculiar to the foreign country from which it is derived. As in the case of foreign corporations deriving such income from sources

within and without the United States, cf. *Third Scottish American Trust Co., Ltd.* v. *United States*, 37 Fed. Supp. 279, Congress has prescribed the substitution of the ratable portion of expenses for a difficult or inconvenient method of computing a more exact deduction. This provides for no exceptions in cases where the ratable amount seems at variance with the probable accurate expenses and other deductions. Since the foreign tax credit is within the legislative discretion, the prescribed method of computing it must be followed. The Commissioner's determination of the foreign tax credit is sustained.

2. The respondent pleads that in determining the deficiency he erred in treating the amount of royalties paid in the United States to domestic corporations as directly attributable entirely to United States income and not as part of the composite deduction against all income, domestic and foreign, of which a ratable part will be deductible in determining the net income from foreign sources. These domestic royalties, as shown by the evidence, are paid for the use of patents, and such patents are permitted by petitioner to be used in foreign countries by its foreign affiliates. The royalties paid by petitioner are an inherent incident of the income received by petitioner from the foreign affiliates, and the expense, which apparently is not allocable to such income upon any more direct method, is properly to be included among those items which are apportionable and ratably assigned to income from foreign sources. The affirmative claim of the respondent is sustained. In 1937 the respondent also allowed the amount of royalties paid in certain foreign countries as a deduction against gross income of the foreign country in which paid. The petitioner on brief demands equal treatment by ratable apportionment in respect of these royalties. While this is in theory perhaps sound, the issue framed in the pleadings and the evidence does not contain the facts or figures upon which we can consider the question, and we therefore refrain from doing so.

3. Although the Commissioner determined, and petitioner does not contest, that petitioner is liable for a declared value excess profits tax of $20,607.92 for 1938, and respondent inadvertently failed to treat the amount as a deduction, as he now concedes, petitioner demands that the deduction should be treated as entirely allocable to income from United States sources and to no extent as allocable, directly or ratably, to income from foreign sources in computing the foreign tax credit. In this contention, the petitioner is sustained. The excess profits tax is imposed by section 602 of the Revenue Act of 1938, and is among the taxes allowed as deductions in section 23 (c), the deductibility of which is saved by the parenthetical clause from the proscription generally applicable to excess profits taxes. *Superheater Co.* v. *Commissioner*, 125 Fed. (2d) 514. It is supplementary to the capital

stock tax, and by section 602 (c) the provisions of the foreign tax credit section are expressly made inapplicable. While therefore the declared value excess profits tax is a deduction in computing taxable United States net income, it is not a factor in computing foreign net income. Since it is a prescribed factor of the taxable United States income, it can not be said to be among those items of United States and foreign income which can not definitely be allocated to either. It is a tax upon doing business and not upon income, *Superheater Co.* v. *Commissioner, supra.* The respondent's treatment of it as a factor of apportionable deductions was incorrect.

4. Briefly, the petitioner contends that in computing its foreign tax credit in respect of taxes paid to the United Kingdom, they shall be computed to include the taxes withheld and paid at the source. The petitioner admits that the controversy is similar to that decided against the taxpayer in *Trico Products Corporation*, 46 B. T. A. 346, and to that pending decision in *Irving Air Chute Co.*, Docket 96120. The latter case has now been decided, *Irving Air Chute Co.*, 1 T. C. 880, denying the claimed credit upon the authority of *Biddle* v. *Commissioner*, 302 U. S. 573, and following *Trico Products Corporation, supra.* We follow those decisions and sustain the Commissioner's determination. It should perhaps be added that petitioner has failed, as it frankly confessed at the trial, to complete the record as to evidence of the British law upon which its contention necessarily rests; but since the cases cited both reject the theory presented, the matter of the sufficiency of evidence need not be discussed.

Several matters originally in controversy have been settled and effect will be given to the stipulated facts in the computation under Rule 50.

*Decision will be entered under Rule 50.*