SOUTH PORTO RICO SUGAR COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 318. Promulgated September 24, 1943.

*George M. Wolfson, Esq.*, and *C. B. Caton, Esq.*, for the petitioner.
*Paul E. Waring, Esq.*, and *Frank X. Gallagher, Esq.*, for the respondent.

OPINION.

HILL, *Judge:* The material facts are not in dispute. Petitioner, a domestic corporation, is entitled to a credit against its income taxes for its taxable years ended September 30, 1939. and September 30, 1940. by reason of taxes paid Puerto Rico by its Puerto Rico subsidiary. Moreover, it is agreed that, in this instance, the amount of credit is limited to a proportion of the tax against which it is taken. The parties are in conflict only upon the figure to be used in the numerator of the fraction applied in determining such proportion. Petitioner, relying upon the proviso in section 131 (f) of the Revenue Act of 1938 and the Internal Revenue Code as authority for its position, contends that this figure must be the amount of the dividends received from its Puerto Rico subsidiary. Respondent asserts that section 131 (b) (1) of the same statutes must be applied in ascertaining the limitation upon credit taken for the respective years and, further, that such subsection requires the dividends to be reduced by a ratable part of petitioner's expenses and deductions. Thus, the ultimate question involves the *amount* of credit here properly allowable in each year under section 131 of the 1938 Act and the Internal Revenue Code. This question can be resolved, however, only after certain basic issues are determined, which, stated briefly, are as follows: (1) Is the amount of the credit taken limited by the proviso in section 131 (f) or by section 131 (b)? (The provisions of the Revenue Act of 1938 and the Internal Revenue Code are identical in so far as the issues in this case are affected, and we shall hereafter refer only to the Code.) (2) If 131 (b) is applicable, does that subsection permit the amount of dividends received to be reduced by a portion of petitioner's expenses and deductions? (3) If (2) is answered in the affirmative. did respondent err in allocating a part of the New Jersey state franchise tax, personal property taxes, salaries paid petitioner's Jersey City office employees, and rent paid for the Jersey City office to income from Puerto Rican sources? We shall discuss these issues in order.

(1) Section 131 of the Internal Revenue Code is the only part of the Code dealing with foreign tax credit. The views taken by the parties can best be explained and our discussion facilitated by here setting forth the provisions of that section so far as they are deemed applicable upon either theory. We have italicized words and clauses which seem to us to impel the conclusions which we reach.

**SEC. 131. TAXES OF FOREIGN COUNTRIES AND POSSESSIONS OF UNITED STATES.**

(a) ALLOWANCE OF CREDIT.—If the taxpayer signifies in his return his desire to have the benefits of this section, the *tax* imposed by this chapter *shall be credited with:*

(1) CITIZEN AND DOMESTIC CORPORATION —In the case of a citizen of the United States and of a domestic corporation, the amount of any income, war-profits, and excess-profits taxes *paid* or accrued during the taxable year to any foreign country or to any possession of the United States; * * *

\* \* \* \* \* \* \*

(b) LIMIT ON CREDIT.—The *amount of the credit taken under this section* shall be subject to each of the following limitations:

(1) The amount of the credit in respect of the tax paid or accrued to any country shall not exceed the same proportion of the tax against which such credit is taken, which the taxpayer's *net income* from sources within such country bears to his entire net income for the same taxable year; * * *

\* \* \* \* \* \* \*

(f) TAXES OF FOREIGN SUBSIDIARY.—For the *purposes of this section* a domestic corporation which owns a majority of the voting stock of a foreign corporation from which it receives dividends in any taxable year shall be *deemed to have paid* the same proportion of any income, war-profits, or excess-profits taxes paid by such foreign corporation to any foreign country or to any possession of the United States, upon or with respect to the accumulated profits of such foreign corporation from which such dividends were paid, which the amount of such dividends bears to the amount of such accumulated profits: *Provided*, That the *amount of tax deemed to have been paid under this subsection* shall in no case exceed the same proportion of the tax against which credit is taken which the amount of such dividends bears to the amount of the entire net income of the domestic corporation in which such dividends are included. * * *

Petitioner contends that the limitation contained in section 131 (f) applies to the exclusion of section 131 (b) (1) in instances where a domestic corporation operates through a foreign subsidiary, the subsidiary actually paying the foreign tax. This contention can not be sustained. An examination of the Code reveals that subsection (a) contains the only language within section 131 allowing a credit for foreign taxes. By its terms a credit is allowed a domestic corporation equal to the amount of taxes *paid* or accrued to any foreign country or possession of the United States. Since a domestic parent corporation does not itself pay or accrue taxes due a foreign government from a foreign subsidiary, the purpose of section 131 (f) becomes apparent. It provides that "for the purposes of this section" a domestic parent corporation shall be "deemed to have paid" a proportion of the foreign taxes paid by its subsidiary, and thus brings such payment within the provisions of subsection (a). *Bon Ami Co.*, 39 B. T. A. 825. Cf. *Omega Chemical Co.*, 31 B. T. A. 1108. Thus, this petitioner is allowed some credit under subsection (a) (1) when it is read with subsection (f). The sole function of subsection (b) is to provide a limitation on credits allowed by subsection (a) (1) and prescribes the formula for determining the limitation on such credit to be allowed in this case.

(2) Do the applicable provisions contained in subsection (a) permit dividends to be reduced by the portion of petitioner's expenses and deductions in ascertaining the numerator of the limitation fraction? The clear, unambiguous, and plain language of section 131 (b) (1), which in this case is the pertinent limitation provision, limits the credit to an amount not in excess of the same proportion of the tax against which the credit is taken which petitioner's net income from sources within Puerto Rico bears to the entire net income. Petitioner's net income from Puerto Rican sources becomes the numerator of the fraction. *I. B. Dexter*, 47 B. T. A. 285. The only income derived from Puerto Rico constituted dividends received from its wholly owned Puerto Rico subsidiary. Hence, we must determine whether "net income from sources within Puerto Rico" embraces such dividends in gross or reduced by some portion of the expenses and deductions which petitioner subtracted from its entire gross income in ascertaining its entire net income.

The answer to this problem is supplied by the recent case of *International Standard Electric Corporation*, 1 T. C. 1153. We there said:

* * * The taxpayer proposes that the term net income be read with a different meaning in respect of ordinary, general, or operating income from the meaning in respect of income upon which the tax of the foreign country is collected by a withholding method—such income as dividends, interest, royalties. and profits from sales, which, for want of a better term, we shall call "withholding-tax income." * * *

\* \* \* \* \* \* \*

But irrespective of the soundness of the proposition, there is no room for it in the statute. The ratio is that of foreign net income to entire net income. Both factors are stated in the same all-embracing term, as mathematically they would be in order that the ratio be of like quantities in the same class. The net income from all sources, domestic and foreign. takes account of all deductions, and the net income from foreign sources, for purpose of the ratio, is likewise the remainder after deductions. Section 119, imported by section 131 (e), provides that the unidentifiable amount of deductions applicable to foreign income is a ratable part of all unidentifiable deductions. * * * We hold that the Commissioner was correct in rejecting the theory that the foreign income factor of the ratio, even though it be "withholding-tax income," may not be reduced by deductions.

Following this case, we hold that dividends received by petitioner from its Puerto Rico subsidiary are to be reduced by a portion of petitioner's deductions in ascertaining the numerator of the limitation fraction under section 131 (b) (1).

(3) Finally, petitioner asserts that respondent should not deduct from dividends in ascertaining the limitation ratio a ratable part of expenses properly allocable only to the domestic sources. Upon this premise it contends that, with respect to this case, state and local taxes, Jersey City office rent, and local office employees' salaries are thus to be excluded in the apportionment. We agree with petitioner's premise. Its conclusion does not follow, however, since we are un-

able to find from the record that the named items of expense are properly allocable only to domestic sources.

Petitioner is a holding company. Its taxable income consists solely of dividends received from subsidiaries. Since petitioner exists as a conduit between both foreign and domestic subsidiaries and those ultimately entitled to their earnings, we fail to see merit in the contention that the expenses incident to petitioner's existence as a corporation and the maintenance of its home office are allocable exclusively to the income derived from the domestic sources. Viewed realistically, petitioner's expenses are not attributable specifically to any of its income, since none resulted from operations. In these circumstances, it was proper for respondent to ascribe the expenses to the income from domestic sources and income from foreign sources in the proportion which each bore to the entire gross income.

The method used by respondent is expressly authorized by subsection (d) of section 119 of the Revenue Act of 1938 and the Internal Revenue Code, which are made applicable by reference in section 131 (e) of the respective statutes. Since this portion of the 1938 Act and the Code are identical, we quote only the Code:

SEC. 119. INCOME FROM SOURCES WITHIN UNITED STATES.

\* \* \* \* \* \* \*

(d) NET INCOME FROM SOURCES WITHOUT UNITED STATES.—From the items of gross income specified in subsection (c) of this section [which includes dividends] there shall be deducted the expenses, losses. and other deductions properly apportioned or allocated thereto, and a ratable part of any expenses, losses, or other deductions which can not definitely be allocated to some item or class of gross income. The remainder, if any, shall be treated in full as net income from sources without the United States.

This statutory method of measuring the unallocable deductions by prorating them is to be followed without exception, *International Standard Electric Corporation*, *supra*. We perceive no error in respondent's determination of the expenses and deductions to be subtracted from dividends in fixing the limitation ratio.

*Decision will be entered for respondent.*